UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


STEVEN NEAL HUBANKS                                                                    PETITIONER

V.                                                          CIVIL ACTION NO.1:07CV121-WAP-JAD

MDOC, et al.                                                                          RESPONDENTS

## REPORT AND RECOMMENDATION

Steven Neal Hubanks pled guilty on an open plea to armed robbery in the Circuit Court of Lee County, Mississippi and was sentenced to eighteen years. He challenges his conviction in this court asserting three grounds. He claims his guilty plea was involuntary, being induced by false information regarding his sentence by his attorney. The second claim is largely a duplication of the first but couched as ineffective assistance of counsel. He claims his attorney was not prepared for trial and told Hubanks the judge had promised he would not get a sentence of more than eight, ten or twelve years. Finally Hubanks asserts that his attorney had a conflict of interest because he also represented Hubank's wife in an uncontested divorce action against Hubanks.

Hubanks filed for post-conviction relief. After an evidentiary hearing, the circuit court denied relief. The circuit judge found that Hubanks' plea was voluntary. The trial court found that there was no conflict of interest in the criminal case and the representation of Hubanks' wife terminated prior to the entry of the guilty plea. The circuit court also found that Hubanks' attorney had provided him with effective assistance of counsel. Hubanks testified that his attorney had made guarantees regarding the sentence to be imposed. His attorney denied making any guarantees. The trial court found that the attorney's testimony was more credible and rejected Hubank's contrary testimony.

LIMITATIONS ON REVIEW

Because there is no question that Hubanks has fully complied with all procedural requirements of Mississippi and federal habeas law, this court must consider each of his claims on the merits. This court's power to upset the judgments of the state courts in a criminal matter is appropriately very limited. The federal courts address only issues affecting substantial federal constitutional rights. The federal courts do not function as super-appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. [1]

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if it the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d

---

[1] *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1981); *Engle v. Isaac*, 456 U.S. 107, 121, n. 21, 102 S.Ct. 1558, n. 21, 71 L.Ed.2d 783(1982); *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L.Ed.2d 306 (1993) (O'Connor, J. concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). *Id* at 348-9, 113 S. Ct at 2121.

389(2000). The AEDPA presumes each factual finding by the state courts is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence.[2]

This petitioner's claims have been reviewed in light of the AEDPA's limitations.

## GROUNDS ONE AND TWO

In his first ground Hubanks asserts that his guilty plea was involuntary because his lawyer gave him false information. In the second ground he asserts that his lawyer was ineffective in advising him to enter a guilty plea. Hubanks claims his attorney advised him that he would get no more than eight, ten or twelve years. The lawyer reportedly told Hubanks that he had spoken with the judge and obtained assurances that he would receive no greater sentence.

This claim presents as a factual issue. The state trial judge heard testimony from Hubanks, his mother and the trial attorney. The state court expressly credited the testimony of trial counsel, who denied having made any assurances on the sentence. This factual finding is presumed correct. Hubanks bears the burden of rebutting this presumption with clear and convincing evidence. 28 U.S.C § 2254(e)(1). It is a burden Hubanks has not met. The determination of what advice was provided requires a determination of the credibility of witnesses. That decision went against Hubanks.

Hubanks testified under oath in entering his guilty plea that no promises had been made to him regarding the sentence to be imposed. He was specifically asked, "Has anyone made any promises to you or guaranteed you what exactly or precisely the sentence of this court will be in each or any of your cases?" Hubanks answered, "No, sir." There is nothing to rebut the state court's

---

[2] 28 U.S.C. § 2254(e)(1).

factual finding other than Hubanks' impeached version of the facts. This falls far short of being the clear and convincing evidence needed to rebut the presumption of correctness. This part of the claim fails. The trial courts factual determination is not unreasonable.

Hubanks also claims his attorney was unprepared for trial. The trial judge also rejected this claim. Hubanks put on proof of problems communicating with the attorney and his resulting dissatisfaction. But there is testimony from Hubanks and the attorney showing that there were meetings between the attorney and client. The attorney investigated Hubanks' claim that the money found on him after the robbery had been received from his step father. The attorney reviewed the discovery in the case and discussed the proof with Hubanks. He filed and argued a motion to suppress Hubanks' confession. He advised Hubanks to take an earlier plea offer of twelve years. This attorney, to the apparent displeasure of the prosecutor, made the judge aware of the local sheriff's recommendation of ten years.

When the motion to suppress Hubanks' confession was lost, and the only offer from the state was for thirty years, the attorney advised Hubanks to enter an open plea. The lawyer told Hubanks he thought there was an appealable issue on the failure to suppress the confession but thought the proof with the admission of the confession was insurmountable. Hubanks took his advice and pled guilty. After his lawyer put on testimony about Hubank's childhood, sentences on two other felonies were given to run concurrently with the robbery sentence.

Had the case gone to trial, Hubanks' conviction was assured. He was apprehended less than an hour after the robbery. He had the exact sum taken in the robbery less the money he paid to get a ride. Hubanks also confessed. If Hubanks had gone to trial, a jury would have had the option to sentence him to life in prison. Thanks to Hubanks' habitual offender status this would have been a sentence of life without parole. The judge also could have given Hubanks the thirty years the state

4

requested. Since Hubanks was thirty-three and the judge could sentence him to anything less than life, the sentence could have been even higher. Hubanks is complaining about a sentence which is a good result.

The record does not establish Hubanks' claim of ineffective assistance of counsel. Hubanks is not entitled to relief on these grounds.

### GROUND THREE

Hubanks claims that his attorney had a conflict of interest arising from representing Hubanks' wife in a divorce action against Hubanks during the pendency of the criminal case. Both husband and wife had been represented by trial counsel on earlier occasions. After his arrest, the attorney drafted a joint complaint for divorce and the settlement agreement . Hubanks claims that he did not want the divorce and only signed off on the paperwork after his wife agreed to let him see his son while he was incarcerated. The uncontested divorce was finalized several months before Hubanks entered his guilty plea.

This claim was rejected by the state court. Hubanks never raised the issue in the trial court during the criminal proceedings. At the evidentiary hearing Hubanks testified that he was comfortable with and confident in his attorney's representation until he received his sentence. The trial court found that there was no actual conflict of interest and that Hubanks was not prejudiced by the attorney's representation. The only prejudice claimed by Hubanks at the evidentiary hearing related to the divorce proceeding, not the criminal trial, because he simply did not want to get a divorce. Because there is no showing of an actual conflict of interest, or of any prejudice to Hubanks in the criminal action, this claim fails. *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980).

5

The undersigned recommends that the petition for writ of habeas corpus be denied with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 13th day of August, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE